IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE, ) | | |
| *as Subrogee of Tracie and Phillip Harris*, ) | | |
| ) | | |
| Plaintiff, ) | | 2:25-cv-00556-CB |
| ) | | |
| v. ) | | Judge Cathy Bissoon |
| ) | | |
| THE HOME DEPOT INC., ) | | |
| ) | | |
| Defendant. ) | | |

### ORDER

Plaintiff's Motion (Doc. 8) to remand will be granted. The Motion was filed significantly outside the 30-day window established in 28 U.S.C. § 1447(c). While the statute excepts challenges for lack of subject matter jurisdiction ("SMJD"), the Court could not reasonably anticipate Plaintiff's filing. The Court independently spotted the issue, conducted its own investigation and made a preliminary determination that jurisdiction is lacking. Defendant now has been heard in opposition, and its arguments do not alter the conclusion.

Plaintiff is a reciprocal insurance exchange. Its citizenship is that of its subscribers. Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot., 49 F.4th 866, 872 (3d Cir. 2022) ("members of a reciprocal insurance exchange are its subscribers," and courts "look to the citizenships of those subscribers to determine the citizenship of the exchange itself") (citation omitted). Plaintiff has subscribers in Delaware, Defendant's place of incorporation. *See* Doc. 8 at ¶ 9 *and* affidavit referenced therein. Diversity of citizenship is lacking.

The position in Defendant's opposition (Doc. 10) was foreshadowed in a footnote to its Answer:

> [Plaintiff] has no claims against [Defendant] and is only named as subrogee to
> [the homeowner-insureds].  It is anticipated that [Plaintiff] will attempt to argue
> that its citizenship matters for diversity, a nonsensical argument without
> precedential or controlling case law in the Western District or Third Circuit,
> though other courts have incorrectly performed that analysis.  The citizenship of
> the parties, not the subrogees of the parties, should be the only consideration for
> purposes of jurisdiction.

Doc. 6 at 1 n.1.

It is Defendant's position that lacks support.  The binding law of this Circuit is that an insurer-subrogee is, or may be, a real party in interest under Rule 17.  United Coal Cos. v. Powell Constr. Co., 839 F.2d 958, 965 (3d Cir. 1988) (holding that the district court "erred in treating the insurance companies as non-parties" under Rule 17); *accord* Abington Heights Sch. Dist. v. Speedspace Corp., 693 F.2d 284, 286 n.3 (3d Cir. 1982) (when counsel, purporting to represent an insured school district, revealed that he actually represented a subrogated fire insurance carrier, the Court directed attention to "the real party in interest provisions" in Rule 17); *see also* Bumberger v. Ins. Co. of N. Am., 952 F.2d 764, 767-69 (3d Cir. 1991) (the district court erred in concluding that an insurer was a nominal party because the recovery sought may have exceeded the policy deductible); Durabla Mfg. Co. v. Goodyear Tire & Rubber Co., 124 Fed. Appx. 732, 734 (3d Cir. Mar. 2, 2005) (the insurer, not the insured, is a real party in interest to "fully-subrogated claims") (citation omitted).

In the Court's view, the above decisions – sourced in federal law – control.  To the extent that state law may be relevant,[1] the result is consistent.  In Pennsylvania, an insurer-subrogee

---

[1] *Compare* Int'l Transp. Mgmt. Corp. v. Brooks Fitch Apparel Grp. LLC, 2024 WL 1672254, *4 (3d Cir. Apr. 18, 2024) ( "[t]he phrase, 'real party in interest,' is a term of art utilized in federal law") *with* Berkley v. Matina Realty, LLC, 2022 WL 3088391, *4 (W.D. Pa. May 10, 2022) ("whether a plaintiff is the real party in interest is to be determined by reference to the applicable substantive state law") (citation to quoted source omitted).  To the extent that precedents appear

may sue under its own name, or under the name of its insured-subrogors. Pa. R. Civ. P. 2002(a) & 2002(d) (although actions must be "prosecuted by and in the name of the real party in interest," this requirement is "not . . . mandatory where a subrogee is a real party in interest"). The Pennsylvania Rule "gives the insurer and the insured[s] the option of suing in the name of the insured[s] instead of in the name of the subrogated insurer." 17 COUCH ON INS. 3D § 241:56 (updated Jun. 2025) (emphasis added).

Defendant's focus on its Notice of Removal is misplaced. Plaintiff is the master of the Complaint, and its pleading controls. Defendant is not in a position to dictate the real parties in interest—under federal law or state law. *See* discussions *supra*. Diversity of citizenship is lacking, and the case will be remanded.

Plaintiff's Motion includes, as one of the "Questions Presented," whether sanctions should be entered against Defendant's counsel for declining to endorse a voluntary remand. Other than this passing reference, Plaintiff offers no discussion or support. The request is denied on this basis alone.

The Court also finds that Defendant's litigation positions are not sanctionable. The "disconnects" between the parties' positions are ones of framing. Plaintiff's Motion did not meaningfully address Defendant's central premise—that the insureds, not the insurer, are the

---

to conflict, Ocean Ships, Inc. v. Stiles – a non-binding but highly persuasive decision – allows harmony. *Id.*, 315 F.3d 111, 116 & n.4 (2d Cir. 2002) ("[s]tatus as a real party in interest [under Rule 17] is a procedural matter" governed by federal law, although "state-law questions may arise in determining what interest [a party] actually has") (some alterations and quotations added, citations to quoted and other sources omitted).

(only) parties in interest. In candor, neither side identified all of the controlling authority and principles. This does not mean that their positions are sanctionable.[2]

For these reasons, Plaintiff's Motion (**Doc. 8**) is **GRANTED**, and this case is **REMANDED FORTHWITH** to the Court of Common Pleas of Washington County, Pennsylvania (Dkt. No. CV-2025-02178).

IT IS SO ORDERED.


July 9, 2025                                                              s/Cathy Bissoon
                                                                          Cathy Bissoon
                                                                          United States District Judge


cc (via ECF email notification):

All Counsel of Record

---

[2] The Court's identification of controlling law does not convert its rulings to ones made sua sponte. The legal analyses herein flow, obviously and necessarily, from Defendant's position that the "true" plaintiffs are the insureds. If a court's answering obvious next questions renders the resulting analysis "sua sponte," the designation would be all but meaningless. Coming at it from a slightly different angle: a party cannot raise an issue, fail to follow it through to a logical conclusion and later complain that it was owed notice and an opportunity to respond. The protections afforded regarding sua sponte rulings are not intended to provide a "second bite at the apple" because the first one proved ineffectual.